IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Clyde Marcus Jones, II; Dennis Phillips, and Deborah Phillips, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Duke Energy Corporation and Duke Energy Carolinas, LLC,<br><br>　　　　　　　　Defendants. | Civil Action No.: 3:24-cv-1281-MGL |

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Pursuant to Rule 15 of Federal Rules of Civil Procedure (Fed. R. Civ. P), Plaintiffs Clyde Marcus Jones, II, and Dennis Phillips and Deborah Phillips move before this court for leave to file the First Amended Complaint in the above matter, attached hereto as **Exhibit A**. This amended pleading is necessary to clarify parties in the case, to add additional information to the existing complaint, as well as to clarify the issues in the case.

Pursuant to Fed. R. Civ. P. Rule 15(a)(2), on a motion seeking leave to amend, "[t]he court should freely give leave when justice so requires." The rule strongly favors amendments. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295 (4th Cir. 2008); *see HCMF Corp. v.* Allen, 238 F.3d 273, 276-77 (4th Cir. 2001) ("A motion to amend should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile") (internal quotation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182, 9 L.E.2d 222, 83 S.Cr. 227 (1962) (describing leave to amend as a "mandate to be heeded"). Even delay cannot justify denying such a motion. Rather, a motion to amend may be

denied only where an opposing party demonstrates prejudice, bad faith, or futility. *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999); *see Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

With this amendment, Plaintiffs clarify the claims and parties, including removal of Defendant Michael Callahan who was dismissed in this Court's Order on Remand, [ECF No. 19]. The amendment will not result in prejudice to Defendants as no scheduling order has been established and discovery has not yet commenced. The amendment will not otherwise impair Defendants' ability to defend the case on the merits.

Prior to filing, Plaintiffs conferred with counsel for Defendants but Defendants were unable to consent. Pursuant to L.R. 7.04, this motion contains a full explanation of the motion consistent with L.R. 7.05 and a further memorandum would serve no useful purpose.

Respectfully submitted,

WYCHE, P.A.

s/Jessica L. Fickling
Jessica L. Fickling (Fed. ID No. 11403)
Jim May (Fed. ID No. 11355)
M. Lucy Dinkins (Fed. ID No. 11961)
P.O. Box 12247
Columbia, SC 29211-2247
P: (803) 254-6542
jfickling@wyche.com
jmay@wyche.com
ldinkins@wyche.com

SAVAGE, ROYAL & SHEHEEN, LLP

Vincent A. Sheheen (Fed. ID No. 7016)
Austin M. Sheheen (Fed. ID No. 13938)
P.O. Drawer 10
Camden, S.C. 29021
P: (803) 432-4391
vsheheen@thesavagefirm.com
asheheen@thesavagefirm.com

                                                                                                SPEIGHTS & SOLOMONS, LLC

                                                                                                 A. Gibson Solomons, III (Fed. ID No. 7769)  
                                                                                                 Post Office Box 685  
                                                                                                 Hampton, SC 29924  
                                                                                                 P: (803) 943-4444  
                                                                                                 gsolomons@speightsandsolomons.com  
                                                                                                 *Attorneys for Plaintiffs*

November 21, 2024